PROB 12C
(12/20)

# United States District Court

## for

## District of New Jersey

## *AMENDED Petition for Warrant or Summons for Offender under Supervision TO BE SEALED

**Name of Offender:** Edward P. Martin

**Docket Number:** 12-00015-001
**PACTS Number:** 58536

**Name of Sentencing Judicial Officer:**    THE HONORABLE FREDA L. WOLFSON
CHIEF UNITED STATES DISTRICT JUDGE

**Date of Original Sentence:** 07/11/2013

**Original Offense:**    Count One: Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, in violation of U.S.C. § 846 [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)], a Class C Felony

**Original Sentence:** 60 months imprisonment, 36 months supervised release

**Special Conditions:** Alcohol/Drug Testing & Treatment, Mental Health Treatment

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** 03/20/2018

**Assistant U.S. Attorney:** R. Joseph Gribko, 402 East State Street, Room 430, Trenton, New Jersey 08608, (609) 989-2190

**Defense Attorney:** Jerome A. Ballarotto, Esq., 143 Whitehorse Avenue, Trenton, New Jersey 08690; (609) 581-8555

---

## PETITIONING THE COURT

☑    To issue a warrant to be lodge as detainer

☐    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The offender has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'** |

On August 28, 2020, Martin was arrested and charged with simple assault in violation of N.J.S.A. 2C:12-1A(1) and criminal mischief in violation of N.J.S.A. 2C:17-3A(1); Complaint No. 0337-W-2020-000006.

On August 28, 2020, Martin was transported and lodged at the Burlington County Jail without incident.  On August 29, 2020, Martin was released on his own recognizance and placed on pretrial supervision with Burlington County, New Jersey Superior Court.

According to the incident report, New Jersey State Police Officers were dispatched to 30 Old Church Road, Washington, NJ 08215, in Burlington County, regarding a domestic dispute.  Upon their arrival, police officers made contact with the involved parties, who were already separated.  The victim, identified as Rhonda Smith, was in the driveway of the residence and advised police officers she engaged in a verbal argument with her boyfriend, Edward Martin.  Smith stated the argument escalated and became physical in nature.  Martin allegedly picked up the lower end of the bed and pulled the footboard off, while Smith was still on top of the bed.  Smith stated while Martin was walking into the garage, he was yelling at her, using profane and explicit language toward her.  Martin then turned around to face Smith and head-butted her in the stomach.  Smith then went to grab the phone, which prompted Martin to rip the phone out of the wall.  Smith advised Martin placed both of his hands around her neck, indicative of a chokehold.  No visible injuries were observed by police on the victim.  Martin admitted to head butting Smith in the stomach.  Martin was subsequently placed under arrest, handcuffed, searched incidental to arrest (negative), read his rights as per Miranda and secured in the rear of the trooper car.  Martin was transported to Tuckerton Station for processing.  Smith declined to file a restraining order against Martin and declined to have a Domestic Violence Response Team respond to Tuckerton Station to meet with her.

On November 10, 2020, the charges were downgraded to simple assault and criminal mischief, both disorderly persons offenses. A Court hearing was scheduled for January 25, 2021, in Washington Township, New Jersey Municipal Court.

On December 14, 2020, the Pretrial Officer for the Burlington County Vicinage, New Jersey, sent a notification to their Court advising of Martin's noncompliance, specifically, Martin's failure to report as required.

On January 25, 2021, Martin appeared, via a ZOOM hearing, in Washington Township Municipal Court, at which time, the hearing was adjourned until March 15, 2021.  According to the Pretrial Officer for the Burlington County Vicinage, Martin remains at liberty on pretrial bail supervision.

| | |
|---|---|
| 2 | The offender has violated the mandatory supervision condition which states **'You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.'** |

During routine drug testing by the probation office and outpatient substance abuse treatment providers, Martin tested positive for marijuana on January 6, January 14, January 23, January 27, February 13, February 27, March 2, October 13, October 22, November 25, December 10, 2020, and January 14, 2021.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

3          The offender has violated the mandatory supervision condition which states **'You must participate in an approved program for domestic violence.'**

In September 2020, following his arrest for simple assault/domestic violence, Martin was referred by the U.S. Probation Office, to the STOP (Skills, Techniques, Options & Plans for Better Relationships) Program.  The STOP Program meets once a week via ZOOM meetings, facilitated by the U.S. Probation Office, for a total of ten weeks.  Attendance and completion of the homework assignments are mandatory to remain a participant in the STOP Program.

Martin failed to report for his weekly STOP session on November 16, December 7, and December 14, 2020.  He never requested to be excused and was a no show for all three sessions.  As a result of his failure to attend three sessions, Martin was unsuccessfully terminated from the STOP Program.

4          The offender has violated the standard supervision condition which states **'You must follow the instructions of the probation officer related to the conditions of supervision.'**

Throughout his supervised release term Martin has failed to maintain communication with the U.S. Probation Office.  Telephone calls and texts messages are unanswered by Martin for weeks at a time.  Home visits are unsuccessful, and Martin fails to contact the U.S. Probation Office as instructed.

On December 8, December 14, December 21, 2020, and January 11, the undersigned telephoned Martin and was unable to leave a voicemail as his voice mailbox was full.  The undersigned sent Martin a text messages on each respective date with no response or call from Martin to the undersigned officer.

On January 5, and January 26, 2021, the undersigned officer attempted to conduct a home visit at Martin's reported address in Little Egg Harbor, New Jersey, with negative results.  PO attempted to telephone Martin; however, his voice mail was full and would not accept messages.  The undersigned text Martin advising she was at his residence and requested a return call.  To date, Martin has failed to contact the undersigned as instructed.

On January 25, 2021, Martin appeared in Washington Township Municipal Court via a ZOOM hearing with regards to his pending simple assault and criminal mischief charges.  At no time did Martin contact the probation office following this hearing to advise he appeared before the Court and/or that the case was adjourned.

5        The offender has violated the standard supervision condition which states **'You must work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.'**

Martin was employed as a foreman at Diamond Materials from April 6, 2020 until June 26, 2020, earning $1,442.30 weekly as a salaried employee. The employer advised Martin was a "No Show/No Call for 2 consecutive days." Martin reportedly parked the company truck assigned to him in the employee parking lot. He did not give any notice or explanation. According to the employer, "obviously he quit."

Martin has failed to maintain gainful employment since November 19, 2020, after reportedly being laid off from his gainful employment with Riverfront Construction. Maintaining full-time, gainful employment is a standard condition of supervised release.

*6        The offender has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'**

On February 21, 2021, Edward Martin was arrested by the New Jersey State Police and charged with simple assault in violation of N.J.S.A. 2C:12-1A(1), criminal mischief in violation of N.J.S.A. 2C:17-3A(1); harassment in violation of N.J.S.A. 2C:33-4A and disorderly conduct in violation of N.J.S.A. 2C:33-2A(1); Complaint No. W-2021-3-0337.

According to the criminal complaint, Martin committed assault by purposely, knowingly or recklessly causing bodily injury to the victim, R.S., specifically by engaging her in a verbal argument to which the accused became irate and combative, subsequently striking R.S. in the nose causing a visible injury and swelling.

The criminal complaint charged Martin with criminal mischief, after Martin allegedly damaged property belonging to R.S., while employing or handling physical force, a harmful or destructive substance, causing pecuniary loss in the amount of less than $500, specifically by punching a hole in the basement door and tearing off two cabinet doors in the kitchen.

The complaint further charges Martin with harassment after he communicated in offensively coarse language, specifically by utilizing explicit, vulgar and threatening language towards the victim, R.S. and her son.

Martin was also criminally charged with disorderly conduct after he refused to cooperate during the arrest process and was observed to be kicking and head

butting the divider in the New Jersey State Trooper vehicle.   Martin remains in custody.


I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

SUSAN M. SMALLEY, Chief
U.S. Probation Officer

*Elizabeth A. Villa*

By:   ELIZABETH A VILLA
Senior U.S. Probation Officer


/ eav

APPROVED:

Elisa Martinez  Digitally signed by Elisa Martinez
Date: 2021.02.22 13:00:10 -05'00'

_____
ELISA MARTINEZ                          Date
Supervising U.S. Probation Officer


THE COURT ORDERS:

X   The Issuance of a Warrant (as recommended by the Probation Office)

☐   The Issuance of a Summons. Date of Hearing: _____

☐   No Action

☐   Other


_____
Signature of Judicial Officer


February 22, 2021
_____
Date